IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORENZO JOHNSON,

        Plaintiff,

  v.

EDWARD F. WALL, DEIRDRE MORGAN,
CATHY A. JESS, WILLIAM POLLARD and
MR. GREFF,

        Defendants.

ORDER

13-cv-113-wmc

---

LORENZO JOHNSON,

        Plaintiff,

  v.

LT. WIENSLO, LT. SABISH,
LT. SCHENERDER, SGT. BORAH,
C.O. 2 LUNDHA, C.O.2 GILLS,
MR GREFF and C.O. 2 BEAHN,

        Defendants.

ORDER

13-cv-114-wmc

---

In response to this court's February 21, 2013 order, plaintiff has submitted a certified copy of his six-month trust fund account statement so that I can determine whether he qualifies for indigent status and, if he does, calculate initial partial payments of the $350 fee for filing each of his cases.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

From plaintiff's trust fund account statement, 20% of the average monthly deposits made to his account is $2.20, but 20% of the average monthly balance is $133.96. Because the greater of the two amounts is 20% of the average monthly balance, or $133.96, that is the amount plaintiff will be assessed for each case as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all of the assessments from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account. The only amount plaintiff must pay at this time is the $133.96 initial partial payment for each case. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

ORDER

IT IS ORDERED that

1. Plaintiff Lorenzo Johnson is assessed $133.96 as an initial partial payment of the $350 fee for filing case no. 13-cv-113-wmc. He is to submit a check or money order made payable to the clerk of court in the amount of $133.96 for case 13-cv-113-wmc on or before March 27, 2013.

2. Plaintiff Lorenzo Johnson is assessed $133.96 as an initial partial payment of the $350 fee for filing case no. 13-cv-114-wmc. He is to submit a check or money order made

2

payable to the clerk of court in the amount of $133.96 for case 13-cv-114-wmc on or before March 27, 2013.

    3. If, by March 27, 2013, plaintiff fails to make the initial partial payment for either of these cases, or show cause for his failure to do so, he will be held to have withdrawn the action(s) voluntarily. In that event, the clerk of court is directed to close the file without prejudice to plaintiff's filing his case(s) at a later date.

    Entered this 11th day of March, 2013.

    BY THE COURT:

*s/ Peter Oppeneer*
PETER OPPENEER
Magistrate Judge